

# Fourth Court of Appeals
## San Antonio, Texas

January 27, 2020

No. 04-20-00020-CR

**IN RE STATE OF TEXAS**, ex. rel. Todd A. "Tadeo" Durden, County Attorney

Original Mandamus Proceeding[1]

**ORDER**

Sitting:      Patricia O. Alvarez, Justice
              Irene Rios, Justice
              Liza A. Rodriguez, Justice

On January 10, 2020, this court received relator's petition for writ of mandamus. Because the petition violated Rule 9.4 of the Texas Rules of Appellate Procedure in that it exceeded the maximum word limit, relator filed a motion requesting leave to exceed the word limit. *See* TEX. R. APP. P. 9.4(i)(2)(B); (4). On January 13, 2020, relator filed two additional motions regarding the mandamus record: (1) a "Motion for Relief Under Rule 9.2(c)(1)" and (2) a "Successive Motion for Relief Under Rule 35.3." In an order dated January 17, 2020, this court ruled on relator's motions as follows:

> We denied relator's "Motion to Exceed Word Limits," struck the petition for writ of mandamus from our record, and ordered relator to file an amended petition not to exceed the maximum word limit in compliance with Rule 9.4 no later than February 3, 2020.

> In its "Motion for Relief Under Rule 9.2(c)(1)," relator asked this court to accept for filing the mandamus record in a PDF file on flash drive and on CD. Because the PDF file was contemporaneously filed with this court, we granted relator's "Motion for Relief Under Rule 9.2(c)(1)."

> We denied relator's "Successive Motion for Relief Under Rule 35.3," in which relator asked this court to order Kinney County to pay the costs for preparing the

---

[1] This proceeding arises out of *The State of Texas v. Mark Anthony Gonzalez*; Cause No. 10041CR, and twenty-one other cases, pending in the County Court, Kinney County, Texas. The Honorable Sid L. Harle signed the order at issue in this original proceeding.

clerk's record[2] and reporter's record to be filed in this original proceeding and ordered relator to file the reporter's record from the relevant hearing.

On January 21, 2020, relator filed a motion asking this court to reconsider its denial of the "Successive Motion for Relief Under Rule 35.3." The underlying trial court order about which relator complains in this original proceeding states the trial court held a hearing on "the State's verified motion to disqualify and recuse [Judge James Tullis Shahan II] . . . ." The order, which denied the State's motion, also states "[t]he State appeared by and through the County Attorney of Kinney County, Texas and announced ready." Because the order recognizes the State of Texas appeared "by and through the County Attorney of Kinney County," the relator in this original proceeding is the State of Texas.

Although this is an original proceeding by the State of Texas, the Texas Code of Criminal Procedure requires the State to pay all costs of appeal and we believe this requirement also extends to the payment of the cost of a reporter's record in an original proceeding filed by the State. TEX. CODE CRIM. PROC. art. 44.01(f). We therefore GRANT relator's motion to reconsider our January 17, 2020 order.

Accordingly, Kinney County is ORDERED to pay the costs for preparing the reporter's record **no later than February 7, 2020**, subject to this court later determining whether costs should otherwise be taxed on the final disposition of this original proceeding. The reporter's record must be filed **no later than ten days after the costs have been paid**.

Relator's amended petition for writ of mandamus, with all appropriate citations to the record, is due **no later than fifteen days from the date the reporter's record is filed**. If relator fails to timely file its amended petition for writ of mandamus, this original proceeding will be dismissed for want of prosecution. *See* TEX. R. APP. P. 38.9, 42.3.

It is so **ORDERED** on January 27, 2020.

**PER CURIAM**

ATTESTED TO: _____
MICHAEL A. CRUZ,
Clerk of Court

---

[2] A clerk's record is not filed in an original proceeding because it is the relator's responsibility to file an appendix. *See* TEX. R. APP. P. 52.3(k); 52.7(a). The PDF file referenced above is over 5,500 pages long; therefore, we assume this file contains the documents that might otherwise be included in a clerk's record.